**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTINE KERR | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO: |
| v. | : | |
| | : | |
| CURALTA HEALTH, LLC, | : | |
| Defendant. | : | |

**COMPLAINT AND JURY DEMAND**

## I. INTRODUCTION:

Plaintiff, Christine Kerr, claims of Defendant an amount in excess of $150,000 in damages upon a cause of action whereof the following is a statement:

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to Plaintiff by the laws of the United States of America.

2. This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§1981"), and the Age Discrimination in Employment Act, 28 USC. §626(a)(1) and 626(a)(2) ("ADEA") and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination by Defendant with respect to her compensation, terms, conditions and privileges of employment, based on her race (African-American), and age (53). Plaintiff also asserts race and age discrimination claims under the Pennsylvania Human Relations Act, 43 P.S. §951, et seq. ("PHRA").

## II. JURISDICTION AND VENUE:

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, Title VII, §1981, and ADEA, which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5. The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367, to consider Plaintiff's claims arising under the PHRA.

6. All conditions precedent to the institution of this suit have been fulfilled. On July 13, 2026, Notice of Right to Sue was issued to Plaintiff by the Equal Employment Opportunity Commission. This action has been filed by Plaintiff within ninety (90) days of receipt of said notice. Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III. PARTIES:

7. Plaintiff, Christine Kerr, is an adult citizen of the Commonwealth of Pennsylvania and resides therein at 1308 Jefferson Avenue, Woodlyn Pennsylvania.

8. Defendant, Curalta Health, LLC, was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a place of business located at 708 West Nields Street, West Chester, Pennsylvania.

9. At all times relevant hereto, Defendant was acting through their agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendant.

10. At all times material herein, Defendant has been a "person" and "employer" as defined under Title VII, §1981, the ADEA and the PHRA, and is subject to the provisions of each said Act.

## IV. <u>STATEMENT OF CLAIM:</u>

11. Prior to her employment with Defendant in October 2024, Plaintiff was employed by predecessor company known as Pace Foot and Ankle for approximately five years.

12. During her employment with Pace Foot and Ankle, Plaintiff held the positions of Pharmacy Technician/Surgery Scheduler and was an outstanding performer in that capacity.

13. Plaintiff is an African American female and was fifty-three (53) years of age at the time her employment was assumed by Defendant.

14. Shortly after Defendant's operational take-over, Plaintiff was approached by Defendant's Human Resource Manager, Sandra Cike, and offered the position of Office Manager for Defendant.

15. Plaintiff was told that there would be no salary increase in connection with this new position even though she would be taking on significantly increased duties and responsibilities in her new capacity.

16. Plaintiff indicated she was uncomfortable with accepting this position due

to its role and additional responsibilities.

17. Although Plaintiff expressed concerns, she was informed by Ms. Cike that if she did not accept this position, she would be terminated immediately.

18. Under threat of removal, Plaintiff accepted the position and performed her job functions as the Office Manager in a dutiful and competent manner.

19. Upon information and belief, Plaintiff was not paid a commensurate salary as compared to other office managers working for Defendant who were younger and Caucasian. In connection thereto, another substantially younger Caucasian employee, Sarah LNU, received a raise for accepting an office manager position in Defendant's Broomall Office at or about the same time.

20. Although Plaintiff performed her job functions as office manager in a dutiful and satisfactory manner, she was terminated from her position on March 20, 2025, for the asserted reason that her job was only a "temporary position."

21. Plaintiff was never previously informed that her position was temporary, and no legitimate business reason existed otherwise for her termination.

22. Plaintiff believes and avers that she was induced into accepting a position which Defendant knew would result in her termination, as aforesaid.

23. Another similarly situated Caucasian employee was placed in Plaintiff's capacity after she assumed the office manager position and was not subjected to termination or layoff, as was Plaintiff.

24. Plaintiff was more experienced, qualified and tenured than her younger Caucasian replacement.

25. Plaintiff believes, and therefore avers, that she was subjected to race and

age discrimination in the terms, conditions, and privileges of her employment, was denied equal pay and was ultimately terminated in a disparate and discriminatory manner, as aforesaid.

**COUNT I**
**(TITLE VII - Race Discrimination)**

26. Plaintiff incorporates by reference paragraphs 1 through 25 of this Complaint fully set forth at length herein.

27. The actions of the Defendant, through their agents, servants and employees, in subjecting the Plaintiff to Race and Age discrimination in the terms, conditions and privileges of her employment, and in terminating Plaintiff's employment because of her race and age, constituted a violation of Title VII.

28. Defendants' acts of discrimination, as aforesaid. were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

29. As a direct result of Defendants' willful and unlawful actions in violation of Title VII, the Plaintiff suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, loss of future earning power, loss of back pay and front pay and interest due thereon.

**COUNT II**
**(§1981 - Race Discrimination)**

30. Plaintiff incorporates by reference paragraphs 1 through 29 of this Complaint as if fully set forth at length herein.

31. The actions of Defendant, through their agents, servants and employees, in subjecting Plaintiff to Race discrimination in the terms, conditions and privileges of her employment, and in terminating Plaintiff's employment because of her race and constituted a violation of §1981.

32. Defendants' acts of discrimination, as aforesaid, were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

33. As a direct result of Defendants' willful and unlawful actions in violation of §1981, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, loss of future earning power, loss of back pay and front pay and interest due thereon.

**COUNT III**
**(ADEA)**

34. Plaintiff incorporates by reference paragraphs 1 through 33 of this Complaint as fully set forth at length herein.

35. The actions of Defendant through its agents, servants and employees in terminating Plaintiff because of his age constituted a violation of the ADEA.

36. The unlawful discriminatory employment practices engaged in by the Defendant were in violation of the provisions of the ADEA.

37. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused her to sustain a loss of earnings, plus the value of his benefits, future earning power, back pay, front pay and interest due thereon, all of which she claims of Defendant.

**COUNT IV**
**(PHRA Race Discrimination/Age Discrimination)**

38. Plaintiff incorporates by reference paragraphs 1 through 37 of this Complaint as if fully set forth at length herein.

39. The actions of Defendant, through their agents, servants and employees, in subjecting Plaintiff to race and age discrimination in the terms, conditions and privileges of her employment, and by terminating Plaintiff's employment because of her race and age, as aforesaid, constituted a violation of the PHRA.

40. Defendants' acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

41. As a direct result of Defendants' willful and unlawful actions, in violation of the PHRA, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, loss of future earning power, loss of back pay and front pay and interest due thereon.

**PRAYER FOR RELIEF**

42. Plaintiff repeats the allegations of paragraph 1 through 41 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in her favor and against Defendant and order that:

(a) Defendant compensate Plaintiff for her wages and other benefits

and emoluments of employment lost, because of their unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

(c) Defendant pay to Plaintiff punitive damages under Title VII and §1981**,** pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

**LOVITZ LAW FIRM, P.C.**

By:________________________________

KEVIN I. LOVITZ, ESQUIRE
ID # 70184
One Liberty Place
1650 Market Street , 36th Floor
Philadelphia, PA 19103
(215) 735-1996 Phone
(215) 735-1515 Fax
Kevin@LovitzLaw.com
*Attorney for Plaintiff, Christine Kerr*